IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JAIRON PERDUE,<br><br>                      Plaintiff,<br>vs.<br><br>U.S. BANK NATIONAL ASSOCIATION and PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC.,<br><br>                      Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No.  2:12CV990 DAK |

       This matter is before the court on Defendant U.S. Bank's Motion to Dismiss and on Defendant Professional Bureau of Collections of Maryland, Inc.'s ("PBCM") Motion to Dismiss. A hearing on the motions was held on May 13, 2013.   At the hearing, Plaintiff Jairon Perdue was represented by Michelle Anderson-West.  Defendant U.S. Bank was represented by Jeffery S. Williams, and Defendant PBCM was represented by Gabriel K. White.  The court has carefully considered the memoranda and other materials submitted by the parties.  Since taking the matter under advisement, the court has further considered the law and facts relating to this motion.  Now being fully advised, the court renders the following Memorandum Decision and Order.

I.  BACKGROUND

       Mr. Perdue's claims against U.S. Bank derive from a loan that he originally obtained from First Community Bank ("FCB") for $576,000.00 (the "Construction Loan").   Mr. Perdue originated this loan in December, 2006, "for the purposes of building a home," and he successfully constructed a home with the borrowed funds.  He made monthly installment

payments to service the loan between 2006 and 2009.  At some point in 2009, according to Mr. Perdue's allegations, the home constructed with the borrowed funds was short sold for $340,000.  Mr. Perdue alleges that he entered into a new agreement with FCB as part of the short sale transaction, in which FCB would write off the Construction Loan deficiency balance of approximately $230,000 in exchange for Mr. Perdue executing a new loan for $25,000 (the "New Loan").  Specifically, he alleges that

> [i]n 2009, First Community Bank agreed to release the mortgage lien in exchange for payment of $340,000.00 in satisfaction of the Construction Loan from new borrowers in exchange for Plaintiff entering into an agreement with First Community Bank for payment of a new personal loan in the amount of $25,000.00 ("New Loan").

Am. Comp. ¶ 9.

Mr. Perdue alleges that he made payments to FCB for the New Loan, as contemplated under the contract, and then, at some point between 2009 and 2012, FCB sold its accounts to U.S. Bank.  U.S. Bank then allegedly contracted with Professional Bureau of Collections of Maryland, Inc. ("PBCM") for collection of the $230,000 balance remaining on the original 2006 Construction Loan.

Accordingly, Mr. Perdue claims that U.S. Bank has committed a breach of contract, a breach of the implied covenant of good faith and fair dealing, and a violation of the Utah Consumer Sales Practices Act ("UCSPA") by attempting to collect the construction loan deficiency balance, through the efforts of the co-defendant PBCM, in violation of the "New Loan" agreement.  He has also asserted claims against PBCM for violation of the UCSPA and the Fair Debt Collections Practices Act ("FDCPA").

## II.  U.S. BANK'S MOTION TO DISMISS

U.S. Bank argues that Mr. Perdue's claims are subject to dismissal because he has failed to plead facts necessary to state these claims and that he has failed to plead reasonable and plausible factual detail to support these claims as required by the Supreme Court's holdings in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v Iqbal*, 556 U.S. 662 (2009).

While U.S. Bank's motion focuses on the pleading standards of *Iqbal/Twombly*, the real dispute appears to be a fundamental disagreement between U.S. Bank and Mr. Perdue about the meaning and/or legal significance of the alleged "New Loan" agreement between Mr. Perdue and FCB.[1]  Under Mr. Perdue's theory of his claims, however, the court finds that he has satisfied the *Iqbal/Twombly* pleading requirements.  After discovery has been conducted, U.S. Bank may have grounds to seek dismissal of some or all of Mr. Perdue's claims, but, at this juncture, it would be premature for the court to dismiss any of the claims.   Therefore, U.S. Bank's Motion to Dismiss is denied.

## III.  PBCM'S MOTION TO DISMISS

As stated above, Mr. Perdue has alleged two claims again PBCM: alleged violations of the FDCPA and the UCSPA.   There is no dispute that the FDCPA applies only to debts contracted by consumers for personal, family, or household purposes and has no application to

---

[1] U.S. Bank claims that because Mr. Perdue failed to repay the $25,000 loan, he has not performed under the contract and therefore cannot state a claim for breach of contract.  U.S. Bank also appears to argue that Mr. Perdue's failure to repay the $25,000 to FCB essentially restored the original Construction Loan balance.   On the other hand, Mr. Perdue claims that the only contract in existence with FCB was the "New Loan" agreement for $25,000, and, thus, that contract is the only contract between Mr. Perdue and U.S. Bank.  He claims, however, that PBCM, on behalf of U.S. Bank, has continued to contact him to collect the $230,000 rather than the amount of the New Loan.

debts entered into for commercial purposes. *See* 15 U.S.C.A. § 1692a. In addition, Mr. Perdue must prove that he engaged in a *consumer transaction* with PBCM in order for PBCM to violate the UCSPA. *See* Utah Code Ann. §§ 13-11-11-4 ("[a] deceptive act or practice by a supplier in connection with a consumer transaction violates this chapter…"); 13-11-5 ("[a]n unconscionable act or practice by a supplier in connection with a consumer transaction violates this act…").

The question here as to both claims against PBCM appears to whether the loan was for personal or commercial purposes, which is a question that will need to be explored during discovery. That dispute cannot be resolved on a Motion to Dismiss, where the court must accept a plaintiff's allegations as true. Accordingly, PBCM's Motion to Dismiss is denied.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant U.S. Bank's Motion to Dismiss [Docket No. 34] is DENIED, and Defendant PBCM's Motion to Dismiss [Docket No. 35] is DENIED.

DATED this 3rd day of July, 2013.

BY THE COURT:

DALE A. KIMBALL
United States District Judge